SCHOOLS — FEES FOR PARKING — FEES FOR COURSE OR ACTIVITY RELATED TO ACADEMIC GOALS OF SCHOOL SYSTEM Fees may not be charged for any course or activity whether "required" or "non-required" where said course or activity is reasonably related to the recognized academic or educational goals of the school system. Since students must amass a given number of credits, some of which must be earned from "non-required" courses, it would be contrary to ArticleXIII, Section 1 of the Oklahoma Constitution, for a school to charge a fee for such courses. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: (1) May an annual fee be charged for the parking of student vehicles in lots provided and patrolled by the school district ? (2) May fees to defray actual costs be charged in the public schools for non-required courses and activities ? In your letter requesting an opinion, you refer to our Opinion No. 76-230, issued June 14, 1976, concerning enrollment fees in public schools. Since that Opinion was issued it has been reviewed on a continuing basis and it is hereby affirmed as an accurate statement of the law concerning enrollment fees. In light of Article XIII, Section 1 of the Oklahoma Constitution, which requires a system of free public schools, we must closely scrutinize the case law of other jurisdictions in order to properly analyze the questions presented in your letter. This extensive research of the constitutional provisions, statutes and cases of other states is necessary because the issues involved in your opinion request have not been resolved by any reported Oklahoma case. The courts of several other states having constitutional provisions similar to the Oklahoma provision requiring "free schools" have recently considered the validity of charging certain fees. In the case of Paulson v. Minidoka County School District No. 331, 93 Idaho 469, 463 P.2d 935 (1970), the Idaho Supreme Court decided the case in light of a constitutional provision which provided: ". . . it shall be the duty of the Legislature of Idaho to establish and maintain a general, uniform and thorough system of public, free common schools." In holding that the school and the entire product to be received from it by the student must be "free", the Idaho Court reasoned that fees could not be charged for items peculiarly necessary to maintain free schools or that are necessary elements of a school's activity over which a student has no choice. The Paulson case, supra, was relied upon by the Supreme Court of Michigan in Bond v. Public Schools of Ann Arbor School District, 383 Mich. 693, 178 N.W.2d 484, 488 (1970), wherein it was stated: "Applying either the 'necessary elements of any school's activity' test or the 'integral fundamental part of the elementary and secondary education' test, it is clear that books and school supplies are an essential part of a system of free public elementary and secondary schools." In Granger v. Cascade County School District No. 1, Mont., 499 P.2d 780 (1972), the Supreme Court of Montana reasoned that any distinction between "required courses" and "optional or extracurricular courses" at the high school level was more superficial than real in light of the fact that, although specific courses are required for graduation, a student must amass a given number of credits from the optional courses offered in order to satisfy the total credit requirement for graduation. The Court stated that courses falling into the optional category are "required" in the sense that a given number must be taken in order to satisfy the total educational requirements for graduation, but that they are optional in the sense that the student may elect which specific courses to take in order to satisfy the requirement. In the body of the opinion, the Court stated: "We believe that the controlling principle or test should be stated in this manner: Is a given course or activity reasonably related to a recognized academic or educational goal of the particular school system? If it is, it constitutes part of the free, public school system commanded by . . . the Montana Constitution and additional fees or charges cannot be levied, directly or indirectly, against the student or his parent. If it is not, reasonable fees or charges may be imposed. "In this manner a degree of flexibility is insured. The school district may thus define its own academic and educational goals and courses and activities that will carry credit toward graduation within the limits provided by law. At the same time, the individual student has a freedom of choice, within the limits of the educational framework so established, to pursue a course of study directed toward business, a trade, college preparatory, commercial, secretarial, or some other goal without regard to his financial ability to pay additional fees or charges. "In applying the foregoing principle or test, we wish to make it clear that it applies only to courses and activities offered by the school district during the regular academic year as a part of normal school functions. It has no application to supplementary instruction offered by the school district on a private basis during the summer recess or at special times. The latter are both historically and logically not included in the free public school system required by our constitution. Accordingly, reasonable fees and charges may be imposed therefor." The general rule recognized in all the above cases is that each individual student must be given equal access to the educational courses and activities reasonably related to the recognized academic and educational goals of the particular school system. Those items that are peculiarly necessary to, or an integral part of such courses or activities, constitute a part of the system of free public schools. Thus, fees may not be charged, directly or indirectly, against the students or their parents, for those items that are essentially a part of a system of free public schools. In applying this rule, a local school district is confronted with the dilemma of determining as to each course or activity whether individual students are given equal access to the system. Since parking fees for student vehicles are not specifically related to any particular course or activity, nor intrinsically fundamental to the academic and educational opportunities furnished to the student, it is apparent that a school district may charge a reasonable fee to defray the expenses of providing, maintaining and patrolling parking lots for student vehicles. As to your second question, although a course or activity may be optional, the requirement that a student amass a given number of credits in order to satisfy requirements for graduation makes it difficult indeed to charge a fee to students unable to pay for courses or activities which could be enjoyed by other students of sufficient financial means. It is clear, in light of the Constitution, that every situation should be construed so as to permit participation of all students, regardless of their financial resources, in a full educational experience. It is outside the purview of this opinion to discuss whether fees may be charged for activities for which no credit whatsoever is received. The facts and circumstances of each situation must be reviewed by school administrators who should be guided by the principle that equal accessibility to the school's functions be constantly maintained. It is, therefore, the opinion of the Attorney General that your questions be answered in the following manner: A school district may charge parking fees for student vehicles in order to defray the expense of providing, maintaining and patrolling parking lots. Fees may not be charged for any course or activity whether "required" or "non-required" where said course or activity is reasonably related to the recognized academic or educational goals of the school system. Since students must amass a given number of credits, some of which must be earned from "non-required" courses, it would be contrary to Article XIII, Section 1
of the Oklahoma Constitution, for a school to charge a fee for such courses. (MICHAEL CAUTHRON) (ksg)